**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **1:09-CV-112 (HL)** |
| **JIM HENRY ANDREWS, JR. and** | : | |
| **KATHERINE ANDREWS FRANCIS,** | : | |
| | : | |
| **Defendants.** | : | |

_____

## ORDER

Before the Court is Defendant Katherine Andrews Francis' ("Francis") motion to set aside the clerk's entry of default (Doc. 16).

The United States filed a complaint (Doc. 1) against Francis and her brother, Jim Henry Andrews, Jr.  Francis was served by the United States Marshals on August 14, 2009 (Doc. 4).  Francis never filed a responsive pleading, so the United States filed a motion for entry of default, which was entered by the clerk on November 3, 2009.  On February 17, 2010, Francis filed the motion to set aside the default.  She filed an answer to the complaint on May 3, 2010 (Doc. 19).  An evidentiary hearing on Francis' motion to set aside the default was held before this Court on June 14, 2010.  At the hearing the Court orally granted Francis' motion.  This written order follows.

## I.    FACTUAL BACKGROUND

The complaint alleges that Francis and her brother violated 28 U.S.C. § 3301, _et seq._, by fraudulently transferring Andrews' portion of his inheritance to Francis so

that Andrews could avoid paying restitution to the United States.

During the hearing it was revealed that Francis failed to answer the complaint because an attorney was reviewing the case at the time the answer was due. Francis retained her current attorneys around the date the clerk's office entered the default. Her attorneys did not make an entry of appearance, however, until January 20, 2010 (Doc. 10). Between the time Francis hired her attorneys and the date of their entry of appearance, the attorneys stated they attempted to resolve the case with the United States through informal means. Unsuccessful, they stated they also complied with the United States' discovery requests. They filed the motion to set aside the default nearly a month after they entered their appearance.

Francis' testimony at the evidentiary hearing indicated the possibility to the Court that Andrews' conduct has led to this present lawsuit, that Francis herself is a victim to his acts, and Francis should not be found to have participated in a fraudulent money transferring scheme. Her attorneys also raised the defense that the United States should not seek to recover any funds from Francis on the basis that the United States delayed in enforcing its restitution order.

## II.    DISCUSSION

### A.    Legal Standard Governing Motions to Set Aside Entry of Default

There is a strong policy to resolve cases on their merits. Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 934 (11th Cir. 2007). Federal Rule 55(c) therefore provides that [t]he court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). The good cause standard is mutable. Compania Interamericana Export-

Import, S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996). To assist courts, multiple factors have been identified as relevant to whether good cause exists. The factors include: (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether the public interest was implicated; (5) whether there was a significant financial loss to the defaulting party; and (6) whether the defaulting party acted promptly to correct the default.[1] Id. (citing cases).

Regardless of these factors, however, Eleventh Circuit law is clear that "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Id. at 951-52 (citation omitted).

### B. Francis Has Shown Good Cause

After considering the relevant factors, the Court finds that Francis has shown good cause to set aside the clerk's entry of default. As to the first factor and sixth factor, Francis' failure to answer the complaint and her attorneys' failure to promptly file a motion to set aside the default show culpable conduct or at least some disregard for judicial proceedings. The public interest is also implicated because a default judgment in favor of the United States would ensure that Andrews' restitution obligation is satisfied.

---

[1] The parties cited to Epps v. Watson, No. 3:05-cv-68, 2007 WL 4289691(M.D. Ga. Dec. 3, 2007), a case that listed only five factors as relevant to determining good cause. The Court cites to Interamericana, which lists six factors, because Eleventh Circuit case law is binding on this Court and even if the factors are dicta, the dicta is persuasive.

Other factors weigh in favor of Francis. The United States would suffer prejudice in a general sense as a result of setting aside the default. However, the United States has put forth no evidence showing that it would suffer any particular prejudice, like the loss of evidence. Additionally, it is possible that Francis may have meritorious defenses. If she presents the same testimony at trial as she did at the evidentiary hearing and the testimony is believed, then Francis would possibly prevail at trial. Further, the complaint states the United States is entitled to recover at least $227,035.23. If the Court were to deny Francis' motion, she could possibly be subject to a default judgment in the amount of $227,035.23, which would presumably constitute a significant financial loss to her.

On balance, the evidence and arguments presented weigh in favor of granting Francis' motion. As stated by the Court during the hearing, this case needs a thorough and complete airing with discovery. The facts must be made clear and then the case will be resolved on its merits. Francis' motion to set aside the clerk's entry of default is accordingly granted. The clerk's office is directed to remove the entry of default entered against Francis on November 3, 2009. The scheduling and discovery order (Doc. 14) remains in effect.

SO ORDERED, this the 15th day of June, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc